# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES RANDALL,<br>    Plaintiff,<br><br>v.<br><br>CITY OF PHILADELPHIA LAW<br>DEPARTMENT, JOHN MOUZON AND<br>LEON MCKNIGHT,<br>    Defendants. | CIVIL ACTION<br><br><br><br>NO. 18-1541 |

## MEMORANDUM OPINION

Plaintiff James Randall sues the City of Philadelphia ("City"), and Police Officers John Mouzon and Leon McKnight for civil rights violations under 42 U.S.C. § 1983 and other state-law claims. Plaintiff alleges that the Defendant Police Officers falsely arrested him, which resulted in a malicious prosecution against him. The purported malicious prosecution, in turn, caused Plaintiff's extradition to New Jersey for parole violations – all of which culminated in Plaintiff's detainer in another locality outside of Philadelphia. Defendants have moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, Defendants' motion shall be granted.

### I.   BACKGROUND

The following facts are taken from Plaintiff's First Amended Complaint ("FAC") and are taken as true. On December 6, 2013, Plaintiff pled guilty to identity theft in New Jersey Superior Court and was sentenced to one year of probation. Plaintiff resided in Philadelphia and was informed that his probation would be transferred to Pennsylvania.

On December 20, 2013, Plaintiff reported to a parole office in Philadelphia. Plaintiff had in his possession a borrowed cellphone, which was confiscated and inspected by staff there. Upon inspection, the cellphone contained pictures of contraband, so Plaintiff was taken into

custody. Parole agents then went to Plaintiff's place of residence in Philadelphia and saw illegal narcotics and a firearm in plain view.

On the same day, the Defendant Police Officers arrived at the Plaintiff's Philadelphia residence to meet with the parole agents. After discussion with the parole agents, the Defendant Police Officers obtained a search-and-seizure warrant and entered Plaintiff's residence at nighttime. Among other things, they recovered illegal narcotics and a firearm. Defendant Police Officers subsequently detained and arrested Plaintiff. Plaintiff avers that the search-and-seizure warrant was obtained "without probable cause and/or by making false statements" without further details.

The Philadelphia District Attorney's Office prosecuted Plaintiff based on statements provided by the Defendant Police Officers. Plaintiff was ultimately arrested and charged for various crimes, including, *inter alia*, possession of a controlled substance. Plaintiff was also charged in New Jersey as a Fugitive of Justice because he was on probation there. Plaintiff was ordered to be extradited to New Jersey once the criminal matter initiated by the Philadelphia DA concluded. When the charges brought by the Philadelphia DA were finally dismissed on August 24, 2015, Plaintiff was transported to New Jersey, where he remained in custody until December 24, 2015. As a result of Plaintiff's arrest in Philadelphia, Plaintiff further avers that additional criminal proceedings were instituted against him in New Jersey and in Delaware County, Pennsylvania. In response to this chain of events, Plaintiff sued the City and Defendant Police Officers.

Count I asserts a *Monell* claim against the City for allegedly developing and maintaining a policy and custom "exhibiting deliberate indifference to the constitutional rights of citizens in the City of Philadelphia." Count II asserts a Section 1983 claim against the Defendant Police

Officers for false arrest and malicious prosecution. Count III asserts a welter of state-law claims against the Defendant Police Officers based on their arrest of Plaintiff, including, *inter alia*, false arrest, negligence, and intentional infliction of emotional distress. Finally, Plaintiff asserts state-law claims against Philadelphia for negligent hiring, retention, and supervision of the Defendant Police Officers. Defendants have moved to dismiss all of Plaintiff's Counts under Rule 12(b)(6).

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint may not contain just "labels and conclusions," for "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. In determining the adequacy of a complaint, a court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to plaintiff." *Warren. Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011).

## III. DISCUSSION

To state a claim under Section 1983, "a plaintiff must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Abraham v. Raso*, 183 F.3d 279, 287 (3d Cir. 1999) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). Under *Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658, 690 (1978), a municipality can be sued as a "person" under Section 1983 if it unconstitutionally implements or executes "a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by its governing bodies. However, a municipality cannot be held liable solely on a theory of respondeat superior. *Id*. at 691.

3

Defendants contend that all Counts should be dismissed as untimely under the relevant statute of limitations. A statute of limitations defense may be raised at the Rule 12(b)(6) stage only if the time alleged in the claim "shows that the cause of action has not been brought within the statute of limitations." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). Plaintiff's Complaint identifies two important dates in support of his various Section 1983 claims against both the City and Defendant Police Officers: the date of his alleged false arrest and the date when the criminal charges brought by the Philadelphia DA were dismissed. Because Plaintiff has pleaded such specific dates, Defendants' statute of limitations defense may be considered at this juncture.

The applicable statute of limitations for a Section 1983 claim turns on the "state's statute of limitations for personal injury." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). As Pennsylvania's statute of limitations for personal injury is two years, 42 Pa. Cons. Stat. Ann. § 5524, Plaintiff's Section 1983 claims are subject to a two-year statute of limitations. *Id*. Plaintiff filed his Complaint on December 26, 2017, so any viable Section 1983 claims would arise only from events that took place on or after December 26, 2015. As to when Plaintiff's Section 1983 claims began to accrue, that occurred when he had "a complete and present cause of action" – that is, when he could have filed suit and obtained relief. *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (internal quotation marks and citations omitted); *Arezzo v. City of Hoboken*, 719 F. App'x 115, 118 (3d Cir. 2018).

Given the accrual date and Plaintiff's filing date, his Section 1983 claims fail under the statute of limitations. Plaintiff avers that he was arrested without justification on December 20, 2013. He further alleges that the criminal charges connected with this arrest concluded by August 24, 2015. Therefore, any Section 1983 claim for false arrest and malicious prosecution

accrued on December 20, 2013 and August 24, 2015, respectively. More than two years lapsed before he filed his Complaint on December 26, 2017.

Plaintiff's invocation of the continuing acts doctrine does not save his untimely Section 1983 claims from dismissal. The continuing acts doctrine is an equitable principle that tolls the statute of limitations for, *inter alia*, Section 1983 claims. *Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir. 2001). Under this doctrine, "a federal cause of action based upon the defendant's continuing conduct is timely provided that the last act of that continuing conduct is within the period for the commencement of an action specified by the statute of limitations." *Sameric Corp.*, 142 F.3d at 599.

In determining the applicability of the continuing acts doctrine, "courts should consider at least three factors:

> (1) subject matter – whether the violations constitute the same type of discrimination, tending to connect them in a continuing violation;
>
> (2) frequency – whether the acts are recurring or more in the nature of isolated incidents; and
>
> (3) degree of permanence – whether the act had a degree of permanence which should trigger the plaintiff's awareness of and duty to assert his/her rights and whether the consequences of the act would continue even in the absence of a continuing intent to discriminate."

*Cowell*, 263 F.3d at 292.

None of the three factors counsels in favor of tolling the two-year statute of limitations. The gravamen of Plaintiff's FAC is that the Defendant Police Officers arrived at his place of residence in Philadelphia on one date and discovered illegal narcotics, which led to an eventually unsuccessful criminal prosecution by the Philadelphia DA. The prosecution by the Philadelphia DA, in turn, resulted in Plaintiff's extradition to New Jersey and subsequent detention. Taken as true, this sequence of events does not warrant application of the continuing violations doctrine.

5

Plaintiff does not allege how the Defendant Police Officers or the City affirmatively committed numerous, connected constitutional violations. *See id*. at 293 ("The focus of the continuing violations doctrine is on ***affirmative acts*** of the defendants.") (emphasis added). Rather, the FAC alleges that *one* purportedly illegal arrest caused his improper detainer in a locality *outside* of Philadelphia. Allegations regarding further constitutional violations, if any, were committed by parties other than the current Defendants.

While Plaintiff argues that the violation is continuing because other jurisdictions have ongoing criminal proceedings pending against him due to his arrest in Philadelphia, the "ill effects" that flow from the initial alleged violation do not toll the statute of limitations. *See id.* At bottom, because Plaintiff only pleads "the occurrence of isolated or sporadic acts" by the Defendants, the continuing acts doctrine does not apply, and all of his Section 1983 claims against Defendants are barred by the statute of limitations. *See id*. Accordingly, these claims will be dismissed with prejudice.[1]

As to the various state-law claims asserted against the Defendant Police Officers and City,[2] they are also barred as untimely under Pennsylvania's statute of limitations. 42 Pa. Cons. Stat. Ann. § 5524 (providing that false imprisonment, false arrest, malicious prosecution, and "[a]ny other action . . . to recover damages for injury to person . . . which is founded on negligent

---

[1] After filing the first Complaint, Plaintiff was made aware of the statute of limitations issue as briefed in Defendants' first Motion to Dismiss under Rule 12(b)(6). Plaintiff subsequently included a reference to the continuing violations doctrine in his FAC. Because Plaintiff failed to allege any facts that would support application of the continuing violations doctrine after given an opportunity to do so in his FAC, amendment would be futile.

[2] The state-law claims against the Defendant Police Officers are false arrest, false imprisonment, malicious prosecution, intentional infliction of emotional distress, invasion of privacy, and negligence. The state-law claims against the City are negligent hiring, retention, and supervision.

. . . conduct . . ." must be commenced within two years).  For the same reasons stated above, Plaintiff's state-law claims against all Defendants shall also be dismissed with prejudice.[3]

In sum, all Counts asserted in the FAC are dismissed with prejudice on statute of limitations grounds.  An appropriate order follows.

BY THE COURT:

/s/Wendy Beetlestone, J.

_____
**WENDY BEETLESTONE, J.**

**Date: May 18, 2018**

---

[3] Although Plaintiff does not address whether the accrual date for his negligent hiring, retention, and supervision claim against the City may fall within the statute of limitations, it is, in any event, barred on immunity grounds under the Pennsylvania Tort Claims Act.  *See* 42 Pa. Cons. Stat. § 8541; *Hartman v. Bank of N.Y. Mellon*, 650 F. App'x 89, 92 (3d Cir. 2016).  Plaintiff has not otherwise pointed to an exception that would authorize a negligence suit against the City in this case.  *See* 42 Pa. Cons. Stat. § 8541(b)(1)-(8).